NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|   |   |
|---|---|
| ELIZABETH A. GAYDEN, | : |
| Plaintiff, | : |
| v. | : Case No.: 3:18-cv-1101-BRM-TJB |
| SGT. I. DIODATI of the NEW JERSEY STATE POLICE DEPARTMENT, | : OPINION |
| TPR. JOHN DOE #1 and #2 of the NEW JERSEY STATE POLICE DEPARTMENT (fictitious names), | : |
| JANE DOE #2-10 (fictitious names), | : |
| and | : |
| ABC CORPORATIONS #1-10 (fictitious names), | : |
| Defendants. | : |

**MARTINOTTI, DISTRICT JUDGE**

Before this Court is Defendants' Motion to Dismiss. (ECF No. 20.) Plaintiff Elizabeth A. Gayden ("Gayden") opposes the motion. (ECF No. 22.) Having reviewed the parties' submissions[1] filed in connection with the motion and having declined to hear oral argument

---

[1] Gayden also filed a Motion to Reinstate Complaint (ECF No. 19), which attached a proposed First Amended Complaint (ECF No. 19-4). Defendants ask this Court to dismiss the proposed First Amended Complaint but have not opposed Gayden's request to *file* the amended complaint in the first instance. The Court treats the Motion to Reinstate Complaint as a Motion to File an Amended Pleading. *See* Fed. R. Civ. P. 15(a)(2). As recharacterized, Gayden's motion is **GRANTED**. Accordingly, Gayden's First Amended Complaint (ECF No. 19-4) is the operative pleading in this case, which Defendants challenge.

pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, Defendant's Motion to Dismiss is **GRANTED**. Counts I, II, and VI are **DISMISSED WITH PREJUDICE**. Counts III, IV, and V are **DISMISSED WITHOUT PREJUDICE** to any subsequent state court action. An appropriate order will follow.

## I. FACTUAL AND PROCEDURAL BACKGROUND

For the purposes of the motion to dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008).

On January 29, 2016, New Jersey State Trooper I. Diodati ("Tpr. Diodati") and two other unnamed troopers of the New Jersey State Police initiated a traffic stop of Gayden's vehicle. (First Amended Complaint (ECF No. 19-4) ¶ 1.) After ordering the vehicle occupants to keep their hands in view, Gayden protested when Tpr. Diodati ordered Gayden out of the vehicle and handcuffed her upon exit. (ECF No. 19-4 ¶¶ 15-18.) After explaining that he believed marijuana was present in the vehicle, Tpr. Diodati pushed Gayden up against her vehicle, used his hands to frisk her side, hips, and chest, and visually inspected inside her coat and searched her back pockets. (ECF No. 19-4 ¶¶ 16-20.) Following the inspection, Tpr. Diodati used force to direct Gayden into his police cruiser's back seat. (ECF No. 19-4 ¶¶ 20.) At this time, two other troopers—the two John Doe defendants—searched Gayden's vehicle and purse.[2] (ECF No. 19-4 ¶¶ 21, 24.) Tpr. Diodati released Gayden from his police vehicle when the troopers found no drugs and determined that neither Gayden nor her passengers had any criminal record. (ECF No. 19-4 ¶¶ 25.) After issuing a warning concerning the taillight, Tpr. Diodati informed Gayden that her passenger would soon

---

[2] The troopers also searched Gayden's passengers and detained one of them in Tpr. Diodati's police cruiser along with Gayden. (ECF No. 19-4 ¶ 21.)

be released from custody at a nearby office of the New Jersey State Police and ordered Gayden to follow him there.  (ECF No. 19-4 ¶¶ 25.)

As a result of the encounter, Gayden suffered severe mental health problems and had to pay for medical care.  (ECF No. 19-4 ¶¶ 29-30.)  As a consequence of these medical problems, Gayden has been unable to work and lost earnings she would have otherwise made.  (ECF No. 19-4 ¶¶ 31.)

## II. LEGAL STANDARD

In deciding a motion to dismiss pursuant to Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]."  *Phillips*, 515 F.3d at 228.  "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations."  *Bell Atl. v. Twombly*, 550 U.S. 544, 555 (2007).  However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  A court is "not bound to accept as true a legal conclusion couched as a factual allegation."  *Papasan*, 478 U.S. at 286.  Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged."  *Id.*  This "plausibility standard" requires the complaint allege

"more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than 'an unadorned, the defendant-harmed-me accusation'" must be pleaded; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "A complaint that pleads facts 'merely consistent with a defendant's liability . . . stops short of the line between possibility and plausibility of entitlement to relief.'" *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678).

## III. DECISION

### A. Excessive Force (Count I)

Gayden's First Amended Complaint does not state a valid claim for relief against Tpr. Diodati for the unreasonable use of force. Accordingly, for the reasons set forth below, this count is dismissed.

The Fourth Amendment prohibits a law enforcement officer from using "excessive force in the course of making an arrest, investigatory stop, or other 'seizure.'" *Graham v. Connor*, 490 U.S. 386, 388 (1989). "A person is seized by the police and thus entitled to challenge the government's action under the Fourth Amendment when the officer, by means of physical force or show of authority, terminates or restrains his freedom of movement through means intentionally

applied." *Brendlin v. California*, 551 U.S. 249, 254 (2007) (emphasis and internal citations removed).

"'Seizure' alone is not enough for § 1983 liability; the seizure"—including the force used to effect the seizure—"must be 'unreasonable.'" *Brower v. Inyo Cty.*, 489 U.S. 593, 599 (1989). To determine whether an officer's use of force was unreasonable, "a court must consider[] all of the relevant facts and circumstances leading up to the time that the officers allegedly used excessive force." *Rivas v. City of Passaic*, 365 F.3d 181, 198 (3d Cir. 2004). A court must give "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [the suspect] is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396. Other factors to consider include whether the plaintiff may be "violent or dangerous, the duration of the action, whether the action takes place in the context of effecting an arrest, the possibility that the [plaintiff] may be armed, and the number of persons with whom the police officers must contend at one time." *Kopec v. Tate*, 361 F.3d 772, 777 (3d Cir. 2004). Courts may also consider any injury or the absence of any injury to the plaintiff. *See Mellott v. Heemer*, 161 F.3d 117, 123 (3d Cir. 1998).

Courts must view these factors "in light of the totality of the circumstances" and "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." *Johnson v. City of Phila.*, 837 F.3d 343, 350 (3d Cir. 2016) (quoting *Graham*, 490 U.S. at 396-97). Courts must likewise "mak[e] 'allowance for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.'" *Id.* (quoting *Graham*, 490 U.S. at 396-97). This inquiry proceeds "'without regard to [the officer's] underlying intent or motivations.'

Thus, if a use of force is objectively unreasonable, an officer's good faith is irrelevant; likewise, if a use of force is objectively reasonable, any bad faith motivation on the officer's part is immaterial." *Estate of Smith v. Marasco*, 318 F.3d 497, 515 (3d Cir. 2003) (quoting *Graham*, 490 U.S. at 397).

Gayden does not plead a plausible claim of excessive force. While it is clear Gayden pleads sufficient facts to demonstrate Tpr. Diodati's used force against her—the First Amended Complaint alleges that Tpr. Diodati pushed her against her vehicle, handcuffed her, and forcibly detained her in the back of his patrol vehicle, *see, e.g.*, *Kopec*, 361 F.3d at 776-78 (analyzing the use of handcuffs as a form of force subject to a Fourth Amendment reasonableness inquiry)—Gayden's complaint falls short in alleging that the use of force was *excessive* or *unreasonable*.

The facts in Gayden's pleading relate to only three of the factors a court must consider to determine the reasonableness of Tpr. Diodati's use of force—and two of those factors weigh in favor of finding Tpr. Diodati's conduct was reasonable. Weighing in Gayden's favor is that Tpr. Diodati was, according to the First Amended Complaint, investigating the offense of possession of marijuana. *See* N.J. Stat. Ann. § 2C-35:10(4) (classifying the possession of 50 grams or less of marijuana as a disorderly persons offense). Standing alone, an investigation of potential possession of less than 50 grams of marijuana would not justify the use of a significant level of force. *See Lockhoff v. Slonaker*, Civ. No. 16-2893, 2017 WL 2423790, at *10 (E.D. Pa. June 5, 2017).

However, the pleaded facts also demonstrate that Tpr. Diodati and his colleagues were faced with multiple individuals—a fact supporting the use of a greater level of force than if Gayden were alone. *See Moore v. Vangelo*, 222 F. App'x 167, 171 (3d Cir. 2007) (upholding an officer's use of force in part because of the number of people the officer faced). Additionally, the pleaded facts demonstrate that Gayden suffered no physical injuries, suggesting that Tpr. Diodati in fact

6

used only a minimal level of force—or at least, not enough force to cause physical injury.

The First Amendment Complaint also falls short by failing to plead facts that speak to any of the other factors that would make Tpr. Diodati's use of force surpass the level of reasonableness appropriate for the situation. For instance, a higher level of force may be appropriate where the plaintiff or others on scene are armed—or where an officer reasonably but mistakenly believes a subject is armed. *Cf. Carswell v. Borough of Homestead*, 381 F.3d 235, 243-44 (3d Cir. 2004) (upholding an officer's use of force in part because the officer reasonably but mistakenly believed a suspect to be armed). However, Gayden does not plead that she and her passengers were unarmed, nor does she plead the absence of indicators that could have lead an officer to reasonably but mistakenly believe that Gayden and her passengers were armed.

Likewise, a greater amount of force may be appropriate if the suspect is attempting to flee or resist custody. *Cf. Martin ex rel. Estate of Webb v. City of Newark*, 762 F. App'x 78, 83 (3d Cir. 2018) (upholding an officer's use of force in part because the subject refused to comply with repeated police orders and attempted to leave the scene). However, Gayden does not plead that she and her passengers complied with Tpr. Diodati's or the other troopers' instructions. Nor does Gayden plead that neither she nor her passengers ever attempted to leave the scene without the troopers' permission. Gayden's does not allege the absence of other factors that could lead an officer to reasonably conclude that either Gayden or her passengers were a flight risk.

Additionally, an increased degree of force may be appropriate where the plaintiff or others on scene are violent or dangerous. *Cf. Johnson v. City of Phila.*, 837 F.3d 343, 350 (3d Cir. 2016) (upholding an officer's use of force in part because the subject violently struggled with the officer). According to the First Amended Complaint, Gayden explained to Tpr. Diodati that she was an upstanding member of the community (presumably to indicate she was not dangerous), but the

First Amended Complaint lacks any allegation that no other circumstances of the stop could lead Tpr. Diodati to reasonably but mistakenly believe Gayden or her passengers to be violent or dangerous.

Finally, the level of acceptable force may vary based on the length of the encounter. *Cf. Stiegel v. Peters Twp.*, 600 F. App'x 60, 66 (3d Cir. 2014) (upholding an officer's use of force in part because "the entire encounter . . . lasted only five to ten minutes"). However, the First Amended Complaint is silent on this question, containing only a blank line in paragraph 26 where the number of minutes should be.

In short, Gayden pleads that Tpr. Diodati used force against her in the course of his investigation. However, she fails to plead facts demonstrating that Tpr. Diodati's use of force was unreasonable or excessive. Gayden must show more than a mere possibility of liability. *See Connelly*, 809 F.3d at 786. Gayden fails to plead a plausible claim of excessive force, therefore Tpr. Diodati's motion to dismiss this claim is granted.

### B. Remaining Claims and Parties

Gayden's remaining counts either fail to plead a plausible claim on which this Court may grant relief or, to the extent state law claims remain, the Court declines to exercise supplemental jurisdiction.

First, Gayden does not state a valid excessive force claim against Tprs. John Doe #1 and #2. The First Amended Complaint contains no facts showing that either unnamed trooper actually used force against Gayden—rather, Gayden alleges only that the unnamed troopers used force against her passengers.

Second, Gayden alleges (as part of Count I) that Tpr. Diodati and Tprs. John Doe #1 and #2 violated 42 U.S.C. § 1986 because all three "were in a position to prevent the commission" of

violations of Gayden's civil rights but neglected or failed to do so. (ECF No. 19-4 ¶ 53.) The applicable statute of limitations for this claim is one year. *See* 42 U.S.C. § 1986 ("But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued."). The events in the First Amended Complaint occurred on January 29, 2016, but Gayden did not initiate this action until nearly two years later on January 26, 2018. Because the statute of limitations has expired, this claim is dismissed.

Third, Gayden may not bring an action against the New Jersey State Police. With limited exceptions not applicable here, sovereign immunity bars lawsuits by private persons against state agencies. *See, e.g.*, *Patterson v. Pa. Liquor Control Bd.*, 915 F.3d 945, 950 (3d Cir. 2019). The New Jersey State Police is such an agency. *See Fraenkel v. Garcia*, Civ. No. 18-9281, 2019 WL 2619130, at *4 (June 26, 2019). The motion to dismiss is granted as to Count II.

Fourth, the Court must dismiss all damages claims against defendants in their official capacity. Sovereign immunity bars such suits. *See, e.g.*, *Garden State Elec. Insp. Servs., Inc. v. Levin*, 144 F. App'x 247, 251 (3d Cir. 2005). Gayden seeks only damages and not injunctive relief. Accordingly, the motion to dismiss is granted as to all claims against all defendants in their official capacities.

Fifth, no claim may succeed against unnamed defendants Jane Doe #3-10 and ABC Corporations #1-10. Gayden pleads no facts which implicate any individuals or entities other than Tpr. Diodati and Tprs. John Doe #1 and #2. *See Thompson v. Martinez*, Civ. No. 10-5990, 2012 WL 2990646, at *5 (D.N.J. July 20, 2012) (dismissing a § 1983 claim because "Plaintiff has failed to plead any facts which relate these defendants to the asserted charges"). The motion to dismiss is granted as to Count VI.

Finally, having "dismissed all claims over which [this Court] has original jurisdiction," the

Court declines to exercise supplemental jurisdiction over the remaining state law claims (Counts III, IV, and V). 28 U.S.C. § 1367(c)(3); *Elkadrawy v. Vanguard Grp.*, 584 F.3d 169, 174 (3d Cir. 2009).

## VII. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss is **GRANTED** and the First Amended Complaint (ECF No. 19-4) is **DISMISSED WITHOUT PREJUDICE**. Gayden may, by September 6, 2019, file a second amended complaint curing the deficiencies addressed herein, at which time the matter will be reopened. Defendants may respond to the second amended complaint, if filed, as appropriate. An order will follow.

Date: August 14, 2019

                                          */s/ Brian R. Martinotti*
                                          **HON. BRIAN R. MARTINOTTI**
                                          **UNITED STATES DISTRICT JUDGE**